No. 845

BLISS v. BLISS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6261.   Decided March 15, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

62. ALIMONY—Judgment for alimony bears interest by virtue of 8305 GC., and it is treated as damages for failure to pay money when ordered to be paid.

SAYRE, J.

Fannie Bliss filed a motion in the Cuyahoga Common Pleas to require N. R. Bliss to show cause why he should not be punished for contempt in failing to pay alimony as ordered by the court.

In April 1918, Fannie Bliss and N. R. Bliss were divorced and the latter was ordered to pay alimony in the sum of $2750; of which $1000 was to be paid on or before June 1, 1919, and the balance paid in monthly installments of $40.00 each.

N. R. Bliss immediately started payment of the $40 monthly installments but never paid the $1000 lump sum payment.   Fannie Bliss first applied the payments to the $1750 due in monthly installments, then to the accrued interest on the $1000 left unpaid, and then to the $1000.

In December 1923, N. R. Bliss, after $2720 had been paid, offered a check for $30 as payment in full of the alimony.   This check was refused by Fannie Bliss, she claiming that there was a larger amount due owing to previous payments that she had applied as interest.   The question before the court is whether or not a judgment for alimony bears interest.

The motion being overruled in Common Pleas, Fannie Bliss prosecuted error.   The Court of Appeals held:

1. Sec. 8305 GC. provides that when money

becomes due on a judgment the creditor shall be intitled to interest.

2. A judgment for alimony comes within the application of this statute.

3. Fannie Bliss had a right to credit the payments first to the liquidation of the interest on the $1000 unpaid.

4. Having so credited the payments, part of the $1000 is still unpaid.

Judgment reversed and cause remanded.

Attorneys—Wm. J. Chapman for Fannie Bliss; H. R. Schuler and E. J. Hopple for N. R. Bliss; all of Cleveland.